**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MAURICE SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-13-1363-W** |
| | ) | |
| **CAROLYN W. COLVIN, Acting** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ____). The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

### I.    Procedural Background

Plaintiff's applications for benefits were denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 14-20). Thereafter, this Court entered an Agreed Judgment and Order of Remand (421-422) with a resulting Order of Appeals Council Remanding Case to ALJ (TR. 425-426). Following a hearing, the ALJ again issued a decision finding that Plaintiff was not disabled from his alleged onset date of June 3, 2009 through February 7, 2013. The ALJ

did find Plaintiff to be disabled for the period beginning February 8, 2013 through the date of the ALJ's decision (TR. 347-357, 357). No request for review was made to the Appeals Council, thus, the decision of the ALJ became the final decision of the Commissioner.

## II. The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since February 8, 2013, the determined disability onset date. (TR. 350). At step two, the ALJ determined that Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine, and bilateral lower extremity impairment. (TR. 350). At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 351). At step four, the ALJ found that Plaintiff was unable to perform his past relevant work, but retained the residual functional capacity (RFC) to perform sedentary work subject to certain limitations. (TR. 351). At step five of the sequential evaluation process the ALJ, using the Medical-Vocational Rules as a framework and considering the testimony of a vocational expert (VE), determined that jobs existed in significant numbers in the national economy which Plaintiff could perform. (TR. 355-356). Accordingly, Plaintiff was found to be not disabled from January 3, 2009 through February 7, 2013. (TR. 357).

### III.　Issues Presented

Plaintiff urges on appeal that the ALJ erred, as a matter of law, by failing to properly evaluate his lumbar impairments and to give any consideration as to whether his lumbar impairments met or equaled Listing 1.04A (Disorders of the Spine) at step three. Plaintiff also argues that the ALJ's error at step three "poisons" the ALJ's finding at step five.

### IV.　Standard of Review

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

### V.　Analysis

Plaintiff argues on appeal that the ALJ erred at step three by not finding Plaintiff disabled under Listing 1.04A[1] (ECF No. 16:3-8). At step three of the sequential evaluation process, a claimant's impairment is compared to the Listings (20 C.F.R. Pt. 404, Subpt. P, App. 1). If the impairment is equal or medically equivalent to an impairment in the Listings, the claimant is presumed disabled. A plaintiff has the burden

---

[1] ***Disorders of the spine*** (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With: **A**. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)…

of proving that a Listing has been equaled or met. *Bowen v. Yuckert*, 482 U.S. at 140-42 (1987); *Williams v. Bowen*, 844 F.2d at 750-51 (10th Cir. 1988). To be found disabled based on the Appendix 1 Listing of Impairments, Plaintiff must show that his condition satisfies all of the specified medical criteria of a particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (impairment does not meet Listing if it has only some of the medical criteria, no matter how severe). In his decision, the ALJ is "required to discuss the evidence and explain why he found that [the claimant] was not disabled at step three." *Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996).

In *Clifton* the ALJ did not discuss the evidence or his reasons for determining that the claimant was not disabled at step three, or even identify the relevant Listing. The ALJ merely stated a summary conclusion that the claimant's impairments did not meet or equal any listed impairment. In this case the ALJ failed to discuss why the elements of the appropriate Listing were not met. (TR. 351). In short, the ALJ in this case made the same type of summary conclusion as the ALJ in *Clifton*. In *Clifton*, the Tenth Circuit held that such a bare conclusion was beyond any meaningful judicial review. *Id.* at 1009.

In particular, the Tenth Circuit held as follows:

Under the Social Security Act,

[t]he Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting

4

forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.

42 U.S.C. 405(b)(1). . . .

This statutory requirement fits hand in glove with our standard of review. By congressional design, as well as by administrative due process standards, this court should not properly engage in the task of weighing evidence in cases before the Social Security Administration. 42 U.S.C. 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). . . . Rather, we review the [Commissioner's] decision only to determine whether his factual findings are supported by substantial evidence and whether she applied the correct legal standards. . . .

In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that [the claimant's] impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion. The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. . . Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. . . . Therefore, the case must be remanded for the ALJ to set out his specific findings and his reasons for accepting or rejecting evidence at step three.

*Id.*, at 1009-10 (internal case citations omitted).

It is apparent from the ALJ's decision that he failed in his duty to discuss the

evidence and explain why he found that Plaintiff was not disabled at step three. The

ALJ offers only the following conclusory statement:

Since the alleged onset date of disability, and continuing through the date off this decision, the claimant has not had

> an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

(TR. 351).

In *Fischer-Ross* the Tenth Circuit Court of Appeals explained that a *Clifton* error would not require a remand as long as "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review, and no reasonable factfinder could conclude otherwise." *Fischer-Ross,* 431 F.3d at 734-735. The Circuit Court also explained how the ALJ's findings in other parts of the decision supported a determination that the claimant was not disabled at step three:

> With respect to claimant's lumbar spondylosis, for example, we noted that the listing for spinal disorders would require a limited range of motion, the need for postural changes more than once every two hours, or the inability to ambulate effectively. *See id.* Because the ALJ found that claimant retained "the primary postural capacities, i.e., sitting, standing, walking, for sedentary, light, and even medium work, as well as the ability to lift at the light RFC level and to stoop, crawl, crouch and kneel occasionally" these findings "conclusively negate[d] the possibility of any finding that Claimant is presumptively disabled under the pertinent listing."

*Id.* at 735.

The Commissioner argues that the Court should consider the ALJ's step three finding harmless error under *Fischer-Ross.* (ECF No. 17:7-8). However, in the present case, unlike *Fischer-Ross,* the ALJ found that Plaintiff was limited to sedentary work (TR. 351). Also, unlike *Fischer-Ross,* the medical record contains evidence that Plaintiff's degenerative disc disease resulted in nerve root compression (TR. 289, 290)

characterized by pain (TR. 303, 610, 627), motor loss (atrophy with associated muscle weakness), accompanied by sensory or reflex loss and a positive straight-leg raising test (sitting and supine). (TR. 257, 659).

The ALJ's meager discussion of this probative evidence as it relates to his step three finding is wholly inadequate, and defies meaningful judicial review. In order to show harmless error, there must be objective findings in the ALJ's sequential step analysis which establish that Plaintiff does not meet the requirements for the Listing. There are no such findings. The ALJ fails to even identify the relevant Listing. Given the paucity of analysis, a reasonable factfinder could conclude that Plaintiff meets the requirements of Listing 1.04A. Thus, the ALJ's error at step three is not harmless error. *See Dye v. Barnhart*, 180 F. App'x 27, 30 (10th Cir. 2006).

The undersigned wishes to make it clear, however, that he is in no way expressing an opinion as to whether Plaintiff actually meets or equals Listing 1.04A. Rather, the undersigned is simply recommending that this case be remanded so that the ALJ can adequately discuss his conclusions in connection with Listing 1.04A and link those conclusions to specific evidence in the medical record. Only then can this Court review the ALJ's decision in connection with the relevant Listing.

The ALJ's step three error serves to taint the balance of the sequential evaluation process, therefore, a discussion of Plaintiff's remaining points of error are unnecessary.

### RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the

parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **February 13, 2015**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on January 30, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE